﻿Citation Nr: AXXXXXXXX
Decision Date: 12/17/18 Archive Date: 12/17/18

DOCKET NO. 180814-237
DATE: December 17, 2018
ORDER
The December 9, 1980 rating decision denying service connection for a bilateral knee disability was clearly and unmistakably erroneous, the appeal as to this matter is granted.
REMANDED
Entitlement to an initial rating in excess of 10 percent for Osgood-Schlatter disease of the left knee is remanded.
Entitlement to an initial rating in excess of 10 percent for Osgood-Schlatter disease of the right knee is remanded.
FINDING OF FACT
In a December 9, 1980 rating decision, the RO denied service connection for a bilateral knee disability. The rating decision involved a misapplication of the law which, had the error not been made, would have manifestly changed the outcome of the decision.
CONCLUSION OF LAW
The December 9, 1980 rating decision which denied entitlement to service connection for a bilateral knee disability was clearly and unmistakably erroneous. 38 U.S.C. § 5109A; 38 C.F.R. § 3.105. 
REASONS AND BASES FOR FINDING AND CONCLUSION
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.
The Veteran served on active duty from March 1980 to April 1980.
This appeal arose to the Board of Veterans’ Appeals (Board) from a June 2018 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the June 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).
Whether there was CUE in a December 1980 rating decision denying service connection for a bilateral knee disability
The Veteran asserts there was CUE in a December 9, 1980 rating decision that denied entitlement to service connection for a bilateral knee disability.
A final and binding agency decision shall not be subject to revision on the same factual basis, except by duly constituted appellate authorities or except as provided in 38 C.F.R. §§ 3.105 and 3.2600. The section 3.105 exception allows for the revision of the decision in question on the grounds of CUE. According to 38 C.F.R. § 3.105(a), where the evidence establishes such error, the prior decision will be reversed or amended. A rating or other adjudicative decision that constitutes a reversal of a prior decision on the grounds of CUE has the same effect as if the corrected decision had been made on the date of the reversed decision. 38 U.S.C. § 5109A; 38 C.F.R. § 3.105(a).
CUE is a very specific and rare kind of “error.” It is the kind of error in fact or law that, when called to the attention of later reviewers, compels the conclusion, to which reasonable minds could not differ, that the result would manifestly have been different but for the error. Generally, a finding of CUE requires that the correct facts, as they were known at the time, were not before the RO, or the statutory and regulatory provisions extant at the time were incorrectly applied. Even when the premise of error is accepted, if it is not absolutely clear that a different result would have ensued, the error complained of cannot be ipso facto clear and unmistakable. Fugo v. Brown, 6 Vet. App. 40, 43-44 (1993) (citing Russell v. Principi, 3 Vet. App. 310, 313-14 (1992)). A simple disagreement with how the RO evaluated the facts is not sufficient to raise a valid claim of CUE. Luallen v. Brown, 8 Vet. App. 92, 95 (1995). A determination of CUE must be based on the record and the law that existed at the time of the prior adjudication. Baldwin v. West, 13 Vet. App. 1 (1999); Caffrey v. Brown, 6 Vet. App. 377 (1994).
An assertion of CUE is a collateral attack on an otherwise final rating decision by a VA RO. Smith v. Brown, 35 F.3d 1516, 1527 (Fed. Cir. 1994). As such, there is a presumption of validity that attaches to a final decision, and when such a decision is collaterally attacked the presumption becomes even stronger. Fugo, 6 Vet. App. at 43-44. Therefore, a claimant who seeks to obtain retroactive benefits based on CUE has a much heavier burden than that placed on a claimant who seeks to establish prospective entitlement to VA benefits. Akins v. Derwinski, 1 Vet. App. 228, 231 (1991).
In a December 9, 1980 rating decision, the RO denied entitlement to service connection for a bilateral knee disability. The Veteran asserts that the RO erred by not awarding him service connection.
After carefully reviewing the relevant evidence and law, the Board finds that there was indeed CUE in the rating decision with respect to the denial of service connection for a bilateral knee disability.
At the time of the December 1980 rating decision, pertinent law provided that a veteran was presumed to have been sound upon entry into the military, except as to conditions noted at the time of the acceptance, examination, or enrollment; or where clear and unmistakable evidence demonstrated that the condition existed before acceptance and enrollment and was not aggravated by such service. See 38 U.S.C. § 1111.
The evidence of record at the time of the December 1980 rating decision revealed that the Veteran’s entrance examination report was negative for pre-existing knee disabilities; hence, the presumption of soundness (as illustrated above) was applicable. The record shows that the Veteran complained of pain in his knees three times during his one month of service and was then diagnosed with Osgood-Schlatter’s disease in both knees. Subsequent to this diagnosis, the Veteran was discharged from service; the Veteran signed off on his discharge form that noted his discharge was approved for failure to meet procurement medical fitness standards. The RO denied the Veteran’s claim, finding that his knee disabilities pre-existed service and that “no aggravation is shown by his short period of service.” 
The Veteran argues, correctly in this case, that because his bilateral knee disabilities were not noted on his entrance examination, the RO had the duty to present facts demonstrating that the RO overcame the presumption of soundness. In other words, the RO had the duty to show by “clear and unmistakable evidence” that the Veterans’ pre-existing bilateral knee disabilities were not aggravated by his service. 
On review, the Board finds that the RO’s did not meet this high threshold. In short, the RO’s determination in the December 1980 rating decision that “no aggravation is shown” in service failed to meet the high standard of proof laid out in 38 U.S.C. § 1111. Consequently, the Board has no choice but to find that the December 1980 rating decision reflects a misapplication of the law that would have resulted in a manifestly different outcome, had the error not been made. Consequently, the December 1980 rating decision constitutes CUE, and revision is required. 
In so finding, the Board is aware that the Veteran informed his medical providers several times in service that he suffered from severe trauma to his knees when he was shot in the knees prior to service. Notwithstanding, given the RO’s failure to apply the correct “clear and unmistakable evidence” standard with respect to whether the Veteran’s knees were aggravated in service, the Veteran’s allegations of CUE have merit. 
For the reasons discussed above, the Board finds that the December 1980 rating decision denying service connection for the Veteran’s bilateral knee disabilities constituted CUE. Revision of that decision, in the form of a grant of service connection (effective on the date of the Veteran’s original claim, April 28, 1980) is therefore warranted. 
REASONS FOR REMAND
Entitlement to initial ratings in excess of 10 percent for Osgood-Schlatter disease of the left knee and right knee is remanded from January 24, 2014 to June 21, 2018.
The Veteran contends that he is entitled to initial ratings in excess of 10 percent for Osgood-Schlatter’s disease of the left and right knees. At the Veteran’s October 2017 C&P examination, while the examiner discussed that the Veteran suffered additional pain with weight-bearing and passive situations, the examiner failed to measure the Veteran’s range of motion with weight-bearing or in passive situations or provide an explanation of why he could not do so. Without such measurements, the Board cannot adequately assess the Veteran’s bilateral knee impairment. Correia v. McDonald, 28 Vet. App. 158, 168 (2016) (holding that additional requirements must be met prior to finding that a VA examination is adequate).
(Continued on the next page)
 
The matters are REMANDED for the following action:
Forward the claims file to an appropriate medical specialist for an opinion regarding the Veteran’s service-connected right and left knee disabilities. The examiner should respond to the following:

(a) Based on the October 2017 VA examination report, provide estimates regarding the severity, frequency, and duration of any flare-ups, to include the degree of functional loss during flare-ups.

(b) Also based on the October 2017 VA examination report, to the extent possible provide an estimate regarding the Veteran’s range of motion in active motion, passive motion, weight-bearing, and nonweight-bearing. If the examiner is unable to provide the requested estimate, he or she should clearly explain why that is so.
 
LESLEY A. REIN
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD C. Ryan, Associate Counsel